Filed 3/19/24  P. v. Martin CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>CURTIS GENE MARTIN,<br><br>  Defendant and Appellant. | 2d Crim. No. B327562<br>(Super. Ct. No. 1350270)<br>(Santa Barbara County) |

Curtis Gene Martin appeals from the trial court's order denying his request for resentencing after the Department of Corrections and Rehabilitation (CDCR) identified him as a person serving an invalid sentence.  (Pen. Code,[1] § 1172.75.) Martin contends the court was required to recall his sentence because it included a now-invalid enhancement.  We vacate the denial order and remand for resentencing.

---

[1] Statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL HISTORY

In 2012, Martin pleaded no contest to attempted murder (§§ 664/187, subd. (a)), and admitted that he inflicted great bodily injury (§ 12022.7, subd. (a)) and used a deadly weapon (§ 12022, subd. (b)(1)) when committing his offense. He also admitted that the offense was a hate crime (§ 422.75, subd. (a)), that he had a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and prior serious felony conviction (§ 667, subd. (a)), and that he served a prior term in prison (former § 667.5, subd. (b)). The trial court sentenced him to 26 years to life in state prison: 14 years to life on the attempted murder, three years for inflicting great bodily injury, one year for using a deadly weapon, three years for committing a hate crime, and five years for the prior serious felony. The court stayed the one-year term on Martin's prison prior.

CDCR subsequently notified the trial court that Martin's sentence included a now-invalid prior prison term enhancement, rendering him eligible to have his sentence recalled under section 1172.75. The court tentatively determined that Martin was ineligible for section 1172.75 relief because the prison prior had been stayed.

After a hearing, the court declined to recall Martin's sentence. It concluded that section 1172.75 only applies to those "*currently serving* an additional year in prison because of *the imposition* of the punishment for [a prior prison term] enhancement." (Italics original.) In the court's view, Martin was not such a prisoner since the enhancement had been stayed. The court also believed there was "no legal authority to stay a prison

2

prior" but only to impose or strike such an enhancement.[2]  It concluded that the Legislature did not intend for it to recall Martin's sentence due to the imposition of an illegal sentence, and struck the stayed prison prior.

DISCUSSION

Martin contends the trial court should have recalled his sentence because it included a now-invalid enhancement for his prior prison term.  We agree.

Section 1172.75 requires CDCR to inform trial courts of inmates serving sentences with one or more now-invalid prior prison term enhancements.  (§ 1172.75, subd. (b).)  Once a court receives this information and confirms that the inmate's sentence includes an invalid enhancement, it "*shall recall [their] sentence and resentence*" them.  (*Id.*, subd. (c), italics added.)  During resentencing, "[t]he court shall apply . . . any . . . changes in law that reduce sentences or provide for judicial discretion" (*id.*, subd. (d)(2))—i.e., the court shall conduct a full resentencing (*Christianson, supra*, 97 Cal.App.5th at pp. 314-317, review granted).  Such resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  (§ 1172.75, subd. (d)(1).)

Here, CDCR informed the trial court that Martin's sentence included a now-invalid prison prior.  The court confirmed that it did.  But instead of recalling Martin's sentence and resentencing

---

[2] We express no opinion as to whether the trial court's belief that a prison prior may not be stayed was correct.  (See, e.g., *People v. Christianson* (2023) 97 Cal.App.5th 300, 315-316, review granted Feb. 21, 2024, S283189 (*Christianson*).)

him by applying changes in the law that have occurred since 2012,[3] the court administratively struck the invalid prison prior. That was error. (*Christianson*, *supra*, 97 Cal.App.5th at pp. 315-317, review granted; see also *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1275-1279, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1283 (*Renteria*).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Monroe*, *supra*, 85 Cal.App.5th at p. 402.)

The Attorney General counters that recall was not required here because the invalid enhancement had been imposed and stayed. He posits "it would be impossible to reduce a sentence '*as a result of the repealed enhancement*,' " as required by section 1172.75, subdivision (d)(1), "if the defendant's term of imprisonment was not *increased* as a result of the enhancement in the first place." (Italics original.) He also argues the history of section 1172.75 shows that the Legislature did not intend for the statute to apply to defendants whose now-invalid enhancements were stayed.

The Attorney General raised these same arguments in *Saldana*, *Christianson*, and *Renteria*, and all three courts rejected them. (*Saldana*, *supra*, 97 Cal.App.5th at pp. 1275-1279, review granted; *Christianson*, *supra*, 97 Cal.App.5th at pp. 311-317, review granted; *Renteria*, *supra*, 96 Cal.App.5th at pp. 1281-

---

[3] For example, trial courts now have the power to strike five-year serious felony enhancements. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 397.)

4

1283.) We agree with our sister courts.[4] As the *Christianson* court noted, "the Legislature chose to mandate a full resentencing for those individuals impacted by a now[-]invalid section 667.5, subdivision (b) enhancement. We see no reason to differentiate between [a] defendant[] serving an additional term based specifically on a now[-]invalid enhancement[] and [a defendant] for whom the enhancement was imposed but stayed. In both instances, the presence of the enhancement was one component considered by the sentencing court in pronouncing the overall sentence." (*Christianson*, *supra*, 97 Cal.App.5th at p. 315, review granted.)

## DISPOSITION

The trial court's March 30, 2023, order declining to recall and resentence Martin is vacated, and the matter is remanded for a full resentencing pursuant to Penal Code section 1172.75. We express no view as to how the court shall exercise its sentencing discretion upon remand.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

YEGAN, Acting P. J.                    CODY, J.

---

[4] We respectfully disagree with *People v. Rhodius* (2023) 97 Cal.App.5th 38, 42-49, review granted Feb. 21, 2024, S283169, which concluded that "imposed" in section 1172.75 only includes now-invalid prior prison term enhancements that were "imposed and executed."

5

Patricia L. Kelly, Judge

Superior Court County of Santa Barbara

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.